## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

RICKY KITLER,

      Plaintiff,                       Case No. 3:20-cv-855-J-32PDB

v.

JOHN GRUNDMAN,

      Defendant.

_____

## **O R D E R**

This motor vehicle accident diversity case is before the Court on plaintiff's motion to remand (Doc. 7), in which plaintiff argues that defendant cannot demonstrate that the amount in controversy was sufficient at the time of removal and the parties' citizenship is not diverse. Defendant filed a response in opposition (Doc. 9), attaching a pre-suit demand letter dated March 7, 2019, an October 2019 settlement offer and response, medical bills, and documentation related to defendant's citizenship including photocopies of defendant's New York state driver's license, motor vehicle registration, insurance identification card, voter registration information, and property tax records.

Plaintiff contends defendant's notice of removal is insufficient to satisfy the amount in controversy. However, plaintiff has undergone shoulder surgery,

physical therapy, and other medical treatment from 2016 through 2019 incurring approximately $55,000 in medical bills. (Doc. 9-2). In addition, plaintiff's March 2019 demand letter seeking $250,000 details numerous injuries and the October 2019 settlement offer for the same amount includes reference to cervical and lumbar procedures with cost estimates of $150,000. (Doc. 9-3). Based on the information known to the defendant at the time of the removal, which included not only the information provided in the demand letter and settlement offer and medical bills, but the allegations of damages in the plaintiff's complaint, the Court finds the defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal.[1] See Dart Cherokee Basin Oper. Co. v. Owens, 574 U.S. 81, 88 (2014) (holding that a short and plain statement of removal is sufficient and clarifying that if the amount in controversy is challenged, the court must make findings of fact based on evidentiary submissions to which the

---

[1] While not dispositive, plaintiff apparently did not accept defendant's insurance carrier's counter-offer to settle for $75,000. While a plaintiff's refusal to stipulate to damages that exceed the amount in controversy is not alone enough to meet the defendant's burden, it is a factor that may be considered. Compare Williams v. Best Buy, 269 F.3d 1316, 1318, 1321 (11th Cir. 2001) (remanding to district court for findings of fact as to the amount in controversy when defendant's only support of the amount in controversy was plaintiff's refusal to stipulate) with Sierminksi v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (affirming defendant met burden when plaintiff did not deny the damages exceeded the jurisdictional amount when given the opportunity).

preponderance standard applies).

Plaintiff is a citizen of Florida. While plaintiff alleged diversity of citizenship in the complaint, plaintiff now questions defendant's New York state citizenship based on defendant's ownership of a condominium in Florida and an expired 2017 Florida vehicle registration. (Doc. 7). Defendant holds a current New York driver's license, vehicle registration card, and insurance identification card (Doc. 9-5), and appears to be registered to vote in New York. (Doc. 9-6). While defendant owns property in Florida, the tax assessment for it does not include a homestead exemption. (Doc. 9-7). The preponderance of the evidence here indicates that defendant is a citizen of New York, and the Court finds the parties are completely diverse. See McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (affirming subject matter jurisdiction based on diversity because despite having a personal physician in Alabama, plaintiff was a Florida business and real property owner, held a Florida driver's license, and registered to vote in Florida).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 7) is **denied**.

2. This case shall continue to be governed by the Court's Case Management and Scheduling Order (Doc. 12).

**DONE AND ORDERED** in Jacksonville, Florida this 23rd day of

September, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

h/s.
Copies:
Counsel of Record